[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11204

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-02458-SCB-TBM


CATHERINE A. RANIOLO,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2012)

Before TJOFLAT, BARKETT, Circuit Judges, and SMOAK,* District Judge.

_____

* Honorable Richard Smoak, United States District Judge for the Northern District of
Florida, sitting by designation.

PER CURIAM:

Catherine Raniolo, the former spouse of a deceased wage earner, appeals the district court's order affirming the decision of the Commissioner of Social Security ("the Commissioner") denying her application for disabled widow's benefits.

The Administrative Law Judge ("ALJ") assigned to adjudicate Raniolo's claim ruled that, because Raniolo's disability did not occur until two days after her eligibility for benefits expired, she did not qualify to receive these benefits. The ALJ's decision was affirmed on administrative appeal, making it the final determination of the Commissioner. Raniolo now appeals to this Court, arguing that the Commissioner's interpretation of the statute and regulations determining eligibility for disabled widow's benefits, which the ALJ applied in her case, is unreasonable.

When an agency rule adopted through notice-and-comment rulemaking, which occurred in this case,[1] interprets a statute that the agency is charged with administering, we must defer to the agency's reasonable interpretation if the

---

[1] There is no question in this case that the Commissioner's regulation, enacted pursuant to 42 U.S.C. § 405(a), is endowed with the "force of law" necessary to receive the deference owed under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). See United States v. Mead Corp., 533 U.S. 218, 229 (2001) (recognizing that agency actions are entitled to Chevron deference where Congress enabled the agency "to speak with the force of law").

statute is ambiguous. See Christensen v. Harris Cnty., 529 U.S. 576, 586-87 (2000) (discussing scope of deference). Because the statute at issue may be deemed ambiguous, we must sustain the Commissioner's interpretation so long as it is reasonable. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984) (requiring deference where the statute does not "directly address[] the precise question at issue"). In this case, the Commissioner's interpretation is a plausible, and therefore acceptable, reading of the statute. See Gonzalez v. Reno, 212 F.3d 1338, 1351 (11th Cir. 2000) (accepting agency interpretation where it "comes within the range of reasonable choices" in interpreting statutory text).

Having concluded that the regulation "is based on a permissible construction of the statute," Chevron, 467 U.S. at 843, we next determine whether the Commissioner's interpretation of the regulation is entitled to deference. An agency's interpretation of its own regulations is controlling unless it is "plainly erroneous or inconsistent with the regulation." Auer v. Robbins, 519 U.S. 452, 461 (1997) (internal quotation marks omitted). We do not find the interpretation of the regulation in this case either implausible or "inconsistent with the regulation." Id.

**AFFIRMED.**